Nos. 2019-2134 and 2019-2135

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

LARRY GOLDEN,

Plaintiff-Appellant

v.

UNITED STATES,

Defendant-Appellee

On Appeal from the United States Court of Federal Claims in
Case Nos. 1:19-cv-00104-EGB and 1:13-cv-00307-EGB,
Senior Judge Eric G. Bruggink.

**RESPONSE OF UNITED STATES TO PLAINTIFF'S
JULY 25, 2019 MOTION & CROSS-MOTION TO
DISMISS AN APPEAL AS PREMATURE**

JOSEPH H. HUNT
*Assistant Attorney General*

GARY L. HAUSKEN
*Director*

NICHOLAS J. KIM
*Trial Attorney*
*Commercial Litigation Branch*
*Civil Division*
*Department of Justice*
*Washington, DC 20530*
*T: (202) 616-8116*

August 6, 2019

## Introduction

In his July 25, 2019 motion, Appellant Larry Golden, appears to seek three forms of relief: (1) consolidation of his two most recent appeals (Appeal Nos. 2019-2134 and 2019-2135); (2) an extension of time to file an unspecified paper; and (3) an enlargement of the page limit for this unspecified paper, up to 60 pages.

As to the first request for relief, the Government opposes Appellant's motion, because consolidation is improper. The appeal in Appeal No. 2019-2135 is premature. Instead of consolidation, Appeal No. 2019-2135 should be dismissed for lack of appellate jurisdiction.

Regarding the second request for relief, to the extent Appellant would like additional time to file an opening brief in the lead appeal (Appeal No. 2019-2134), the Government does not oppose. To be clear, Appellant has not presented the Government with sufficient information to allow the Government to form an opinion as to Appellant's requested relief. *See* Appellant's Exhibit 6 at 1.

Regarding the third request for relief, to the extent Appellant seeks additional pages for a single appeal (*i.e.*, Appeal No. 2019-2134), the Government leaves to the sound discretion of the Court whether Appellant has made sufficient showing of entitlement to such relief.   *See* Appellant's Exhibit 6 at 1.

**Appeal No. 2019-2135 Should Be Dismissed As Premature**

Consolidation of appeals is not proper in this case.  The appeal in Appeal No. 2019-2135 cannot be consolidated with the lead appeal, Appeal No. 2019-2134, because these cases appeal separate decisions in the Court of Federal Claims, one decision of which is not final.  Instead of consolidation, Appeal No. 2019-2135 should be dismissed for lack of jurisdiction because it prematurely appeals the Court of Federal Claims' May 8, 2019 order (herein the "Trial Court's Order," attached to Appellant's motion as "Exhibit 4") in Case No. 13-307, which is plainly not a "final decision" within the meaning of 28 U.S.C. § 1295(a)(3).  *See* Appellant's Exhibit 4 at 5 (describing that "eleven claims of patent infringement" remain, and that "those claims are poised for claim construction").

The Trial Court's Order in Case No. 13-307 is not a "final decision" providing appellate jurisdiction under 28 U.S.C. § 1295(a)(3). A final decision "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Gal-Or v. United States*, 563 F. App'x 780 (Fed. Cir. 2014) (quoting *Allen v. Principi*, 237 F.3d 1368, 1372 (Fed. Cir. 2001) and *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373 (1981)) (internal quotations omitted).

The Trial Court's Order dismissed Appellant's various takings claims for lack of jurisdiction, as each takings allegation sounded entirely in patent infringement under Section 1498. *See* Trial Ct. Order at 3–4. The Trial Court's Order also dismissed these takings claims for failing to state a claim upon which relief can be granted. *Id.* at 4–5.

However, the Trial Court's Order concluded by recognizing that nearly a dozen claims of patent infringement remain pending, which the Trial Court viewed as "poised for claim construction." *Id.* at 5. Indeed, these allegations remain despite the Appellant being given an opportunity to dismiss these remaining claims to

expedite appeal of the case. *See* Trial Ct.'s Nov. 28, 2018 Order (Dkt. 151 in Case No. 13-307) at 3 ("Nevertheless, if Mr. Golden believes that all of his patent infringement claims have been dismissed, the proper motion to file is one for voluntary dismissal") and 4 (setting a deadline for Appellant to move to dismiss his remaining patent infringement allegations); *see also* Aug. 1, 2018 Order in Appeal No. 18-1942 (dismissing Appellant's prior appeal as premature, but permitting reinstatement of the appeal within 60 days if Appellant appealed entry of a final judgment on the entire case or obtained a certificate for appeal under RCFC 54(b)).

Contrary to Appellant's contention (Motion at 2), the Trial Court did <u>not</u> "combine" Appellant's follow-on case (Case No. 19-104) with the takings allegations (dozens of separate allegations referred to as "Count 1") of Appellant's lead case (Case No. 13-307). Finding the two cases to be similar, the Trial Court merely consolidated the cases for adjudication below. *See* Trial Ct.'s Jan. 29, 2019 Order in Case No. 19-104. The Trial Court did not sever Appellant's takings claims from the lead case (Case No. 13-307),

nor did Appellant seek to have his takings claims in the lead case certified under RCFC 54(b) to enable immediate appeal.

Therefore, because not all allegations in Case No. 13-307 have been finally decided, the Trial Court's Order is not final and, accordingly, not appealable. *See, e.g.*, *Gal-Or*, 563 F. App'x at 780 (dismissing appeal because patent infringement claims were still pending).

## An Extension of Time May Be Appropriate

To the extent Appellant would like additional time to file an opening brief in the lead appeal (Appeal No. 2019-2134), the Government does not oppose. However, the actual basis for Appellant's need for additional time is far from clear. *See* Appellant's Exhibit 6 at 2 (requesting an extension of time of "30 days from the day an answer is filed on the Motion" and describing needing additional time to "re-write the Complaint"[1]). While it is not clear what that paper may seek to file the Government does not object to the Court granting Appellant the

---

[1] It appears that Appellant may have made an error in terminology.

short enlargement that he seeks to permit him to present his arguments in a cogent manner.

**Additional Pages for Briefing May Not Be Appropriate**

Appellant's request for additional pages, even if it pertains to the opening brief (which is far from clear), may not be appropriate if this Court dismisses Appeal No. 2019-2135, as the Government is requesting. If only the lead appeal (Appeal No. 2019-2134) proceeds, absent further articulation of hardship by Appellant, it would seem that the Court's standard page limits should be sufficient. *See* Appellant's Exhibit 6 at 1–2. Accordingly, the Government leaves it to the sound discretion of this Court whether to grant Appellant's request for additional pages.

**Conclusion**

For all the reasons set forth above, Appeal No. 2019-2135 is premature and should be dismissed for lack of jurisdiction. Therefore, Appellant's request to consolidate appeals should be denied. As to Appellant's request for an extension of time, the Government does not oppose. Finally, as to Appellant's request

for additional pages, the Government leaves this decision to the sound discretion of the Court.

                              Respectfully submitted,

                              JOSEPH H. HUNT
                              *Assistant Attorney General*

                              GARY L. HAUSKEN
                              *Director*

                              _____
                              NICHOLAS J. KIM
                              *Trial Attorney*
                              *Commercial Litigation Branch*
                              *Civil Division*
                              *Department of Justice*
                              *Washington, DC 20530*

August 6, 2019                  *T: (202) 616-8116*

# CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2019, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit by using the appellate CM/ECF system and served, via Federal Express and e-mail, on Plaintiff-Appellant Mr. Larry Golden at:

>**Larry Golden**
>740 Woodruff Road, #1102
>Greenville, SC 29607
>*atpg-tech@charter.net*

_____
NICHOLAS J. KIM

# CERTIFICATE OF COMPLIANCE

I hereby certify this brief complies with the requirements of Federal Circuit Rules 32(a) and 27(d). This brief contains 1,053 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B) and Federal Circuit Rules 32(b) and 27(d). This brief has been prepared using Microsoft Word 2016 in size 14-point Century Schoolbook font, a proportionally spaced typeface.

_____
NICHOLAS J. KIM